IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00988-MSK-MEH

MARTHA CHAVEZ,

    Plaintiff,

v.

COUNTY OF LARIMER, COLORADO,
LARIMER COUNTY DETENTION CENTER,
LARIMER COUNTY SHERIFF'S DEPARTMENT,
COLLEEN CONWAY, L.P.N., in her individual and official capacities,
COREY SNYDER, R.N., in her individual and official capacities,
MARGO GEPPERT, M.D., in her individual and official capacities,
BRITANNY WILLIAMS, R.N., in her individual and official capacities,
ASHLEY SARGENT, R.N., in her individual and official capacities,
ELLEN SHAFER, R.N., in her individual and official capacities,
JOSEPH PETERSON, R.N., in his individual and official capacities,
JACK HALEY, P.A.-C., in his individual and official capacities,
SIERRA WRIGHT, R.N., in her individual and official capacities,
TERESA RAMIREZ, L.P.N., inher individual and official capacities,
DENISE GROSS, L.P.N., in her individual and official capacities,
CHRISTINA MARSHALL, L.P.N., in her individual and official capacities,
KIM STEPHENS, L.P.N., in her individual and official capacities,
PHILLIP CONNER, M.A., in his individual and official capacities,
CORRECTIONAL HEALTHCARE MANAGEMENT, INC., a Colorado corporation,
JOHN AND JANE DOES 1 THROUGH 10,
DEBORAH MOUSTEN, in her individual and official capacities,
LEE SOUCY, in his individual and official capacities,
LARIMER COUNTY DETENTION CENTER SUPERVISORY PERSONNEL,
LARIMER COUNTY SHERIFF'S DEPARTMENT SUPERVISORY PERSONNEL,
LARIMER COUNTY SUPERVISORY PERSONNEL, including Medical Personnel, Deputies, Jailors, and Officers, Employees, Independent Contractors, and/or Agents, in their official and individual capacities, and
John and Jane Does 11 through 20,

    Defendants.

## ORDER ON DEFENDANTS' MOTION TO STAY

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is the County Defendants' Amended Motion to Stay All Discovery Pending Determination of Qualified Immunity, Governmental Immunity and County Defendants' Motion to Dismiss [filed September 9, 2011; docket #66]. The matter has been referred to this Court for disposition [docket #67]. For the reasons that follow, Defendants' motion is **denied in part** and **denied without prejudice in part**.

I. **Background**

Plaintiff instituted this action on April 14, 2011. In essence, Plaintiff alleges that Defendants violated her constitutional rights when they denied her treatment for "obvious and serious" medical conditions while she was in the custody of the Larimer County Sheriff's Department and Larimer County Detention Center. *See* Amended Complaint [docket #7]. On September 6, 2011, the County Defendants[1] responded to the Amended Complaint by filing a Motion to Dismiss and Motion to Stay All Discovery. *See* dockets #59 and #60. That same day, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1) dismissing Defendants Bebell, Ransom, Delosantos, Chambliss and Perez from the action. Docket #58. These Defendants are the only named individual County Defendants in this action.

Thereafter, this Court denied County Defendants' motion to stay without prejudice for the Defendants' failure to comply with D.C. Colo. LCivR 7.1A. Docket #65. County Defendants then filed the present Amended Motion to Stay All Discovery, alleging that "[n]otwithstanding Plaintiff's dismissal of the Section 1983 claims against the five specifically named Deputy Defendants ... [the

---

[1]The County Defendants are identified as County of Larimer, Colorado, Larimer County Detention Center, Larimer County Sheriff's Department, Deputy Bebell, Deputy Ransom, Deputy Delosantos, Deputy Chambliss, Deputy Perez, John and Jane Does 1-20, Larimer County Detention Center Supervisory Personnel, Larimer County Sheriff's Department Supervisory Personnel, and Larimer County Supervisory Personnel.

2

unidentified] Larimer County personnel in their individual capacities - whomever they might be - remain Defendants in this case and are entitled to the protections of qualified immunity." *See* Motion, ¶¶ 5, 6, docket #66 at 3-4. Moreover, Defendants contend that the Colorado Governmental Immunity Act ("CGIA") provides protection from engaging in discovery should the Defendants raise the issue of sovereign immunity prior to the commencement of discovery. Because they have raised issues of immunity and argue Plaintiff has failed to state claims under Fed. R. Civ. P. 12(b)(6), Defendants contend they are entitled to a stay of all discovery.

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).

Here, the County Defendants seek protection from a "substantial" burden of discovery at this stage in the case. However, a stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (unpublished).

The County Defendants primarily argue that a stay is appropriate at this stage of the litigation

3

pending resolution of their immunity defenses.[2] However, the Court notes that such defenses have been raised with respect only to unidentified County Defendants in this case. Any claims of qualified immunity made by the specifically named County Defendants are now moot as a result of their dismissal from this action on September 6, 2011. Therefore, the motion to stay, as it pertains to claims of immunity raised by the specifically named County Defendants, is denied.

Further, although County Defendants claim that any remaining *unidentified* individual County Defendants in this matter are entitled to assert qualified immunity,[3] they provide no case law supporting such position. In fact, this Court's research reveals court opinions suggesting that a defendant must be identified to determine his or her knowledge of "clearly established statutory or constitutional rights." *See, e.g., Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Bishop v. Hackel*, 636 F.3d 757, 769 (6th Cir. 2011) ("Determining whether a defendant is entitled to qualified immunity requires an individual assessment of the knowledge of that defendant."). Thus, until such County Defendants are identified, it is unclear whether they are entitled to assert the defense of qualified immunity.

---

[2]Defendants also suggest that, pursuant to the Supreme Court's opinion in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a stay of discovery is proper where a government defendant asserts the plaintiff's claims fail pursuant to Fed. R. Civ. P. 8. This Court disagrees; the language from *Iqbal* cited by Defendants pertains specifically to the Supreme Court's concerns regarding allowing discovery to proceed against litigants entitled to assert qualified immunity. *See id.* at 1953-54 ("[o]ur rejection of the careful-case-management approach is especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity. The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'") (citation omitted). Thus, the opinion in *Rome v. Romero*, 225 F.R.D. 640 (D. Colo. 2004) is inconsistent neither with *Iqbal* nor with Tenth Circuit opinions approving stays of discovery as to litigants asserting the defense of qualified immunity.

[3]The Court notes that, in their Motion to Dismiss, the County Defendants assert the defense of qualified immunity only as to the five named County Defendants, which have been since dismissed.

With respect to the County Defendants' assertion of sovereign immunity under the CGIA, the Court notes that Defendants raise such defense pursuant to one state law claim against only the unidentified John and Jane Doe Defendants. *See* Motion to Dismiss at 19-20, docket #59. Again, due to the uncertainty of the identification of such Defendants and the fact that the defense is raised pursuant to only one of five claims against only some of the unidentified Defendants, the Court is hesitant to impose an indefinite stay of *all* proceedings involving *all* parties in this case based upon such uncertainty and mere speculation.

As noted by County Defendants, in determining whether to grant a stay, courts in this district typically balance the following factors taking into consideration the competing interests at stake: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* 2006 WL 894955, at *3 (D. Colo. March 30, 2006) (unpublished) (citing *FDIC v. Renda,* 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Generally, it is the policy in this district not to stay all discovery involving all parties pending a ruling on motions to dismiss. *See Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004)*; Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, at *4-5 (D. Colo. Aug. 14, 2006). This is particularly true in cases like this one, pending before Judge Krieger, who instructs the parties that motions having the effect of delaying proceedings may "adversely affect the scheduling of the case or other cases." MSK Practice Stds., II.G. In fact, staying the case while the County Defendants' motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability. The County

5

Defendants claim that a stay of proceedings is warranted to avoid the burden and expenditure of "significant time and money." Docket #66, ¶ 11. However, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez, supra*. Here, there is no evidence of a special burden on the County Defendants.

Thus, weighing the *String Cheese Incident* factors, the Court is inclined to deny Defendants' request for an indefinite stay of all proceedings. However, the Court notes that, at the recent Scheduling Conference, the parties discussed the unidentified individual Defendants with the Court, and Plaintiff's counsel represented that he is diligently working on identifying such persons. Therefore, to the extent that Plaintiff is able to name the currently unidentified County Defendants, the Court will deny the present motion without prejudice in part to allow any subsequently named County Defendants to re-file the motion if appropriate (*i.e.*, they assert qualified immunity as a defense to Plaintiff's claims) and if they so choose.

Consequently, the Court finds that the general interests of controlling the court's docket and the fair and speedy administration of justice require that the present request to stay all discovery be denied in part (with respect to the named individual County Defendants) and denied without prejudice in part (with respect to the currently unidentified individual County Defendants).

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that the County Defendants' Amended Motion to Stay All Discovery Pending Determination of Qualified Immunity, Governmental Immunity and County Defendants' Motion to Dismiss [filed September 9, 2011; docket #66] is **denied in part and denied without prejudice in part**.

Dated at Denver, Colorado, this 16th day of September, 2011.

>BY THE COURT:
>
>*Michael E. Hegarty*
>
>Michael E. Hegarty
>United States Magistrate Judge