IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00988-MSK-MEH

MARTHA CHAVEZ,

        Plaintiff,

v.

COLLEEN CONWAY, L.P.N., in her individual and official capacities,
COREY SNYDER, R.N., in her individual and official capacities,
MARGO GEPPERT, M.D., in her individual and official capacities,
BRITANNY WILLIAMS, R.N., in her individual and official capacities,
ASHLEY SARGENT, R.N., in her individual and official capacities,
ELLEN SHAFER, R.N., in her individual and official capacities,
JOSEPH PETERSON, R.N., in his individual and official capacities,
JACK HALEY, P.A.-C., in his individual and official capacities,
SIERRA WRIGHT, R.N., in her individual and official capacities,
TERESA RAMIREZ, L.P.N., inher individual and official capacities,
DENISE GROSS, L.P.N., in her individual and official capacities,
CHRISTINA MARSHALL, L.P.N., in her individual and official capacities,
KIM STEPHENS, L.P.N., in her individual and official capacities,
PHILLIP CONNER, M.A., in his individual and official capacities,
CORRECTIONAL HEALTHCARE MANAGEMENT, INC., a Colorado corporation,
DEBORAH MOUSTEN, in her individual and official capacities, and
LEE SOUCY, in his individual and official capacities,

        Defendants.

---

## AMENDED[1] ORDER ON CHM DEFENDANTS' MOTIONS CONCERNING DISCOVERY FROM PLAINTIFF'S HEALTH CARE PROVIDERS

---

Before the Court are CHM Defendants' Motion for Execution of Release Authorizations or in the Alternative for a Disclosure Order Permitting Release of Medical Records [filed October 7, 2011; docket #93] and CHM Defendants' Motion for Leave to Conduct *Ex Parte* Interviews of

---

[1]This order is amended only to correct the caption consistent with Judge Krieger's November 16, 2011 order. *See* docket #109.

Plaintiff's Treating Healthcare Providers [filed November 2, 2011; docket #102].  These matters are briefed and have been referred to this Court for resolution [Dockets #94 and #103].  Oral argument would not materially assist the Court in adjudicating these motions.  For the reasons stated below, the Court **grants in part** and **denies in part** the motions.

Plaintiff alleges that while serving a 10-day jail sentence in the Larimer County Detention Center, her serious medical needs (stemming from prior injuries) were ignored and she re-injured herself as a result of the lack of care.  In the Complaint, Plaintiff alleges that due to the Defendants' wrongdoing, she "now suffers from a brain injury, has incurred severe damages, including a lifelong handicap, permanent neurologic impairment, and considerable pain."  Complaint, ¶159.

The current motions boil down to whether the Court should allow *ex parte* interviews and compel Plaintiff to execute medical release authorizations so that defense counsel can obtain medical records directly from her health care providers, or whether Defendants must obtain her medical records and information through her counsel and/or deposition testimony.  As Defendants note, I have previously addressed the medical records issue (in a case involving Plaintiff's counsel) in *Cutting v. United States*, No. 07-cv-02053-REB-MEH (Apr. 14, 2008).  In that case, I determined that justice required Plaintiff to execute medical record releases.  In the current case, Defendants request, in the alternative, a "Disclosure Order" under 45 C.F.R. § 164.512(e)(1)(I).  The trend in federal courts appears to be entry of such an order, as opposed to compelled medical releases.  *E.g.*, *Lopez v. Cardenas Markets, Inc.*, 2011 WL 4738111, at 3-4 (D. Nev. Oct. 5, 2011); *In re Denture Cream Products Liability Litigation*, 2011 WL 1979666, at 2 n.3 (S.D. Fla. May 20, 2011).  Without retreating from my analysis in *Cutting*, I view this as a valid middle ground and will direct such disclosure authorized by the regulation.  At the same time, I agree with some of Plaintiff's

arguments concerning limiting the scope of the medical records sought (*e.g.*, gynecological records, records dating back 20 years).

Given that the accident which initially injured the Plaintiff occurred in late 2001, I find it appropriate to include a baseline "normal" year, 2001, and all years subsequent, in the scope of the records to be produced.  I also adopt Plaintiff's argument that gynecological records do not appear relevant at this time and need not be disclosed until such time Defendants can establish that they are relevant to Plaintiff's alleged injuries for which she is seeking compensation (which may include psychological injury).

Defendants also seek blanket approval of *ex parte* interviews with Plaintiff's medical care providers.  After analyzing the parties' respective positions, I believe that such interviews with *former* providers would promote efficiency here and are not barred by any privilege, privacy or confidentiality doctrines.  However, I adopt Plaintiff's argument concerning contact with *currently treating* providers, given the potential to interfere with the ongoing physician/patient relationship.  I would include one exception, although there may not be any providers in this class: Defendants should be permitted to engage in *ex parte* communications with anyone who treated Plaintiff *during* her 10-day detention, regardless of whether such person has an ongoing professional relationship with Plaintiff.  Detention officials have a constitutional obligation to provide necessary health care while maintaining custody over an inmate, and anyone providing care during that period of custody should be accessible to such officials.

Accordingly, for the reasons stated above, it is hereby ORDERED that CHM Defendants' Motion for Execution of Release Authorizations or in the Alternative for a Disclosure Order Permitting Release of Medical Records [filed October 7, 2011; docket #93] is **granted in part** and

3

**denied in part** and CHM Defendants' Motion for Leave to Conduct *Ex Parte* Interviews of

Plaintiff's Treating Healthcare Providers [filed November 2, 2011; docket #102] is **granted in part**

and **denied in part** as addressed herein.  The Court's disclosure order will be issued separately.

Dated at Denver, Colorado, this 10th day of January, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge