IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00988-MSK-MEH

MARTHA CHAVEZ,

Plaintiff,

v.

COLLEEN CONWAY, L.P.N., in her individual and official capacities,
COREY SNYDER, R.N., in her individual and official capacities,
MARGO GEPPERT, M.D., in her individual and official capacities,
BRITANNY WILLIAMS, R.N., in her individual and official capacities,
ASHLEY SARGENT, R.N., in her individual and official capacities,
ELLEN SHAFER, R.N., in her individual and official capacities,
JOSEPH PETERSON, R.N., in his individual and official capacities,
JACK HALEY, P.A.-C., in his individual and official capacities,
SIERRA WRIGHT, R.N., in her individual and official capacities,
TERESA RAMIREZ, L.P.N., inher individual and official capacities,
DENISE GROSS, L.P.N., in her individual and official capacities,
CHRISTINA MARSHALL, L.P.N., in her individual and official capacities,
KIM STEPHENS, L.P.N., in her individual and official capacities,
PHILLIP CONNER, M.A., in his individual and official capacities,
CORRECTIONAL HEALTHCARE MANAGEMENT, INC., a Colorado corporation,
DEBORAH MOUSTEN, in her individual and official capacities, and
LEE SOUCY, in his individual and official capacities,

Defendants.

_____

## AMENDED[1] MEDICAL RECORDS AND INFORMATION DISCLOSURE ORDER

_____

Plaintiff Martha Chavez brings this lawsuit alleging brain damage; cognitive disabilities;

physical impairment and disfigurement; pain; a loss of earning capacity; and a loss of an ability to

enjoy a full, useful, and normal life. Ms. Chavez attributes these damages to the medical attention

she received while incarcerated at the Larimer County Detention Center. The Health Insurance

_____

[1]This order is amended only to correct the caption consistent with Judge Krieger's
November 16, 2011 order. *See* docket #109.

Portability and Accountability Act ("HIPAA") allows that a covered entity may disclose protected health information without the written consent of an individual where the information is sought in connection with a judicial proceeding and "[i]n response to an order of a court . . . provided that the covered entity discloses only the protected health information expressly authorized by [the] order." 45 C.F.R. § 164.512(e)(1)(I).

This is a court order pursuant to 45 C.F.R. § 164.512(e)(1)(i) allowing the disclosure of certain health information without the written consent of the individual, Martha Chavez.

1.     With regard to medical records, such that shall be produced include the years 2001-2012. This Order shall include all medical records of any nature whatsoever, other than, and expressly excluding, obstetrical records. This order allows any individuals or entities who provided treatment or services to Ms. Chavez to disclose and produce the records described herein to any Defendant in this case, and their attorneys.

2.     With regard to communication with health care providers, this Order does not permit direct communication with health care providers who are currently providing treatment to Ms. Chavez and who have an ongoing professional relationship with her, unless such persons provided medical care to Ms. Chavez during the period of her incarceration from April 15-24, 2009. This Order does permit direct communication with former medical care providers of Ms. Chavez, with the exception of the provision of obstetrical care.

IT IS THEREFORE ORDERED that pursuant to 45 C.F.R. § 164.512(e)(1)(i), any individuals or entities who provided treatment or services to Plaintiff Martha Chavez at any time are authorized, without the written consent of Plaintiff Martha Chavez, to disclose, share with, and

produce to any Defendant and their attorneys in this lawsuit, the health care information described

herein.

Dated this 10th day of January, 2012, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge