IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00988-MSK-MEH

MARTHA CHAVEZ

    Plaintiff,

v.

COLLEEN CONWAY, L.P.N., in her individual and official capacities,
COREY SNYDER, R.N., in her individual and official capacities,
MARGO GEPPERT, M.D., in her individual and official capacities,
BRITANNY WILLIAMS, R.N., in her individual and official capacities,
ASHLEY SARGENT, R.N., in her individual and official capacities,
ELLEN SHAFER, R.N., in her individual and official capacities,
JOSEPH PETERSON, R.N., in his individual and official capacities,
JACK HALEY, P.A.-C., in his individual and official capacities,
SIERRA WRIGHT, R.N., in her individual and official capacities,
TERESA RAMIREZ, L.P.N., in her individual and official capacities,
DENISE GROSS, L.P.N., in her individual and official capacities,
CHRISTINA MARSHALL, L.P.N., in her individual and official capacities,
KIM STEPHENS, L.P.N., in her individual and official capacities,
PHILLIP CONNER, M.A., in his individual and official capacities,
CORRECTIONAL HEALTHCARE MANAGEMENT, INC., a Colorado corporation,
DEBORAH MOUSTEN, in her individual and official capacities,
LEE SOUCY, in his individual and official capacities,

    Defendants.

## STIPULATION AND PROTECTIVE ORDER

    All Parties, through their respective counsel of record, stipulate to entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c).

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and/or statutory privacy interests and also includes proprietary business materials. CONFIDENTIAL information shall not be disclosed in any manner or used for any other purpose except the preparation and trial of the above-captioned case. This condition expressly means that CONFIDENTIAL information may not be shared with or discussed in any manner with the public, with any private organizations or groups, with attorneys or individuals not actively working on this case, or with the news or social media, nor may such information be used in any future litigation or for any other purposes other than preparation for and trial in this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   (a) attorneys actively working on this case;

   (b) persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or related to other proceedings in this case;

   (c) the parties, including the designated representatives for the entity Defendant;

   (d) expert witnesses and consultants retained in connection with this proceeding, to the

extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents or witnesses; and

(h) other persons by written agreement of all Parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached hereto as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL," or by serving a written notice at the time of disclosure identifying by specific Bates numbers or Bates-number ranges, each document designated as CONFIDENTIAL.

Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given

to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.

7.      A party may object to the designation of particular CONFIDENTIAL information by giving express written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within 21 calendar days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

8.      At the conclusion of this case, including any appeals, unless other arrangements are agreed upon by all parties, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to securely destroy CONFIDENTIAL documents. Each parties' counsel shall be responsible to insure that CONFIDENTIAL documents not returned to the designating party have been securely destroyed and protected from disclosure.

9.      This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 1st day of February, 2012, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge


Respectfully submitted this 30th day of January 2012,


*s/*
Daniel A. Lipman
James E. Puga
Sean B. Leventhal
Leventhal, Brown & Puga, P.C.
950 South Cherry Street, Suite 600
Denver, Colorado 80246
Telephone: (303) 759-9945
dlipman@leventhal-law.com
jpuga@leventhal-law.com
sleventhal@leventhal-law.com
***Attorneys for Plaintiff***

*s/ Terry Cipoletti*
Catherine O'Brien CrumTerry Cipoletti
Sheryl K. Bridges
Kennedy Childs P.C.
633 Seventeenth St., Suite 2200
Denver, CO 80202
303-825-2700
cobrien@kennedychilds.com
tcipoletti@kennedychilds.com
sbridges@kennedychilds.com
***Attorneys for Defendants***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00988-MSK-MEH

MARTHA CHAVEZ

    Plaintiff,

v.

COLLEEN CONWAY, L.P.N., in her individual and official capacities,
COREY SNYDER, R.N., in her individual and official capacities,
MARGO GEPPERT, M.D., in her individual and official capacities,
BRITANNY WILLIAMS, R.N., in her individual and official capacities,
ASHLEY SARGENT, R.N., in her individual and official capacities,
ELLEN SHAFER, R.N., in her individual and official capacities,
JOSEPH PETERSON, R.N., in his individual and official capacities,
JACK HALEY, P.A.-C., in his individual and official capacities,
SIERRA WRIGHT, R.N., in her individual and official capacities,
TERESA RAMIREZ, L.P.N., in her individual and official capacities,
DENISE GROSS, L.P.N., in her individual and official capacities,
CHRISTINA MARSHALL, L.P.N., in her individual and official capacities,
KIM STEPHENS, L.P.N., in her individual and official capacities,
PHILLIP CONNER, M.A., in his individual and official capacities,
CORRECTIONAL HEALTHCARE MANAGEMENT, INC., a Colorado corporation,
DEBORAH MOUSTEN, in her individual and official capacities,
LEE SOUCY, in his individual and official capacities,

    Defendants.

---

**WRITTEN ACKNOWLEDGMENT - EXHIBIT A**

---

    1.    I have read the Stipulation and Protective Order in Civil Action No. 11-cv-00988-MSK-MEH in the United States District Court for the District of Colorado, captioned as *Martha Chavez, Plaintiff v. Colleen Conway, LPN; Corey Snyder, RN; Margo Geppert, MD; Britanny Williams, RN; Ashley Sargent, RN; Ellen Shafer, RN; Joseph Peterson, RN; Jack Haley, PA-C; Sierra Wright, RN; Teresa Ramirez, LPN; Denise Gross, LPN; Christina Marshall, LPN; Kim*

*Stephens, LPN; Phillip Conner, MA; Correctional Healthcare Management, Inc.; Deborah Mousten; and Lee Soucy*; *Defendants*.

2. I have been informed by _____, Esq., counsel for _____, that the materials and information you are providing me contain CONFIDENTIAL information as defined in the Stipulation and Protective Order.

3. I have not and will not divulge, or undertake to divulge to any person or recording device, any CONFIDENTIAL information shown, provided, or told to me, except as authorized in the Stipulation and Protective Order. I will not use the CONFIDENTIAL information for any purpose other than in this litigation.

Dated: _____     _____
(Signature)

_____
(Print or Type name)

Address:_____

Telephone No.: (\_\_\_\_)_____